UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOISES RIVERA-GARCIA

      Petitioner,

v.                                                         Case No.  8:10-cv-1958-T-24 MAP
                                                                             8:09-cr-274-T-24 MAP

UNITED STATES OF AMERICA

      Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner Moises Rivera-Garcia's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Civ. Doc. No. 1; Cr. Doc. No. 39).  The Government filed a response in opposition to the motion. (Civ. Doc. No. 7).  Petitioner filed a reply.  (Civ. Doc. No. 13).

**I.**      **Background**

On September 29, 2009, Petitioner pleaded guilty, without a written plea agreement, to all three counts of the Indictment charging him with illegal re-entry after previous deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1) (Count I); fraud and misuse of immigration documents, in violation of 18 U.S.C. § 1546(a) and 2 (Count II); and sale of social security cards, in violation of 42 U.S.C. § 408(a)(7)(C) and 18 U.S.C. § 2 (Count III).  (Cr. Doc. No. 11 & 33).  On January 12, 2010, the Court sentenced Petitioner to serve a total of 63 months of imprisonment.  (Cr. Doc. No. 34 & 35).  Petitioner did not file a direct appeal.

On September 2, 2010, Petitioner filed the instant section 2255 motion raising the

following claims of ineffective assistance of counsel as grounds for relief: (1) counsel failed to file a notice of appeal after Petitioner requested him to do so; (2) counsel failed to object to stacking of counts and request grouping under U.S.S.G. § 3D1.2; and (3) counsel failed to object to the managerial role enhancement under U.S.S.G § 3B1.1.  (Civ. Doc. No. 1 at 4-5, 7).  The Government concedes, and the Court finds, that Petitioner's section 2255 motion was timely filed.  (Civ. Doc. No. 7 at 2).

On February 24, 2011, the Court conducted a hearing only on Petitioner's claim that counsel was ineffective for failing to file a notice of appeal after Petitioner requested him to do so.  (Civ. Doc. No. 17).  The Court appointed attorney Darlene Barror to represent Petitioner at the hearing.  (Civ. Doc. No. 10).  At the hearing, the Court heard evidence and testimony from Petitioner and trial counsel Mauricio Hued.  Upon consideration of such evidence and testimony as presented at the hearing, the motion, response and reply, as well as the other documents in this case including the pre-sentence report, the Court denies Petitioner's section 2255 motion in its entirety.

**II.    Discussion**

    **A.    Cognizability**

The "threshold inquiry" is whether Petitioner's grounds for relief are cognizable under section 2255.  *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).  In this case, Petitioner is challenging his sentence as unconstitutional based on receiving ineffective assistance of counsel.  The Government concedes, and the Court finds, that Petitioner's claims of ineffective of assistance of counsel are cognizable under 28 U.S.C. § 2255.  *See Lynn v. United States*, 365 F.3d 1225, 1234 n. 17 (11th Cir. 2004) (ineffective assistance claims should be

decided in section 2255 proceedings).

    **B.**    **Section 2255 Motion**

Petitioner moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on three claims of ineffective assistance of counsel. The Sixth Amendment gives criminal defendants the right to the effective assistance of counsel. U.S. Const. Amend. VI. To vacate a conviction and sentence for ineffective assistance of counsel, the petitioner must demonstrate (1) that his counsel's assistance fell below an objective standard of reasonable professional assistance, and (2) that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). To establish deficient performance, the petitioner must show that his counsel's performance was outside the wide range of professional assistance. *Chandler v. United States*, 218 F.3d 1305, 1313 n.12 (11th Cir. 2000) (en banc) (citations and quotations omitted). To establish prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The burden is on the petitioner to demonstrate that he was denied the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). If the petitioner fails to establish either the performance or prejudice prong, the Court need not address the remaining prong. *Strickland*, 466 U.S. at 697.

    1.    <u>Failure to File a Notice of Appeal</u>

In his section 2255 motion, Petitioner claims that he requested trial counsel, federal public defender Mauricio Hued ("Hued"), to file a notice of appeal but that Hued failed to file

such appeal. (Civ. Doc. No. 1 at 4, 15). In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that when counsel's constitutionally deficient performance deprives a defendant of an appeal he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. *Id.* at 484 (citations omitted). A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner. *Id.* at 477.

In his section 2255 motion, Petitioner claims that he "told counsel he wanted to appeal the sentence of 63 months right after sentencing but counsel was in a hurry and only stated that the judge did nothing wrong because [she] sentenced Petitioner to the top of the Guidelines range." (Civ. Doc. No. 1 at 15). Petitioner further claims that he and his family members called the Federal Public Defenders' Office multiple times in an attempt to contact Hued to ask him to file a notice of appeal, but they were never able to reach him. *Id.* Finally, Petitioner alleges that he sent Hued letters regarding his appeal, but Hued failed to answer such letters. *Id.*

On February 24, 2011, the Court conducted a hearing to determine whether Hued was ineffective for failing to file a notice of appeal on behalf of Petitioner after Petitioner asked him to do so. The following facts appear to be undisputed. On January 12, 2010, after the Court sentenced Petitioner, Hued consulted with Petitioner to discuss the advantages and disadvantages of filing an appeal. (Civ. Doc. No. 20[1] at 26). Hued informed Petitioner that he had a right to an appeal but that it was Hued's professional opinion that Petitioner had no grounds for an appeal because the Court had sentenced him within the Guidelines. *Id.* at 13, 26. At this time,

---

[1]Document number 20 of the civil docket in this case represents the transcript of the February 24, 2011 hearing.

Petitioner told counsel that he did not want to file an appeal. (*Id.* at 18, 32; Govt. Exh. 1[2]). On January 14, 2010, Hued sent Petitioner a letter noting "you have indicated that you do not wish to appeal your sentence." (Govt. Exh. 2).

Petitioner testified that he changed his mind about filing an appeal a few days after sentencing, and that he and his family members unsuccessfully attempted to contact Hued by telephone at the Federal Public Defenders' Office to ask him to file the notice of appeal. (Civ. Doc. No. 20 at 33-34). Petitioner testified that he changed his mind regarding his appeal a few days after sentencing because he found out that he had a right to appeal. *Id.* at 33. The Court finds this testimony unconvincing, since the Court told Petitioner at sentencing that he had a right to appeal, the right to court appointed counsel in the appeal, and that his notice of appeal must be filed within ten days. (Cr. Doc. No. 42 at 24; Civ. Doc. No. 20 at 37-38). Attorney Hued left the Federal Public Defender's Office on or about January 15, 2010, shortly after the date of Defendant's sentencing. However, the Federal Public Defenders' Office has no record of any attempts to contact Hued by Petitioner or his family after the date of sentencing. (Civ. Doc. No. 20 at 21). Petitioner contends that his collect calls from jail were not accepted by the Federal Public Defenders' Office, but Hued testified that he always accepted collect calls from clients as well as family members during his time as a Federal Public Defender. *Id.* at 26. Petitioner alleged in his section 2255 motion that he sent unanswered letters to Hued regarding an appeal as well, but at the hearing, Petitioner admitted that he never sent such letters. *Id.* at 38.

Based on the evidence and testimony at the February 24, 2011 hearing, the Court finds

---

[2]The Government's Exhibit 1 is a copy of Hued's time sheet and notes during his representation of Petitioner at Petitioner's sentencing hearing.

that Hued's failure to file a notice of appeal on Petitioner's behalf does not amount to a deficient performance.  Hued consulted with Petitioner regarding his appeal immediately after sentencing, and at that time, Petitioner told Hued that he did not wish to appeal.  Petitioner has not proven that Hued disregarded any instruction to appeal or that he had any reason to know that Petitioner had changed his mind regarding the appeal. Other than Petitioner's self-serving testimony that his phone calls and his relatives' phone calls were not accepted by the Federal Public Defender's Office, there is no evidence of Petitioner's demonstrating to Hued that he was interested in appealing.  Petitioner has the burden of showing that Hued's performance was deficient; he has not met that burden and this claim is denied.

> 2. <u>Failure to Object to Stacking of Counts and Request Grouping under U.S.S.G. § 3D1.2</u>

Next, Petitioner claims that counsel was ineffective for failing to object to the stacking of counts and failing to request grouping under U.S.S.G. § 3D1.2.  Pursuant to U.S.S.G. § 3D1.1(a), "[w]hen a defendant has been convicted of more than one count, the court shall: (1) [g]roup the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in § 3D1.2."  U.S.S.G. § 3D1.1(a)(1).  According to U.S.S.G. § 3D1.2,

> All counts involving substantially the same harm shall be grouped together into a single Group.  Counts involve substantially the same harm within the meaning of this rule: (b) [w]hen counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

U.S.S.G. § 3D1.2.

Petitioner pleaded guilty to illegal re-entry after previous deportation (Count I); fraud and misuse of immigration documents (Count II); and sale of social security cards (Count III).

According to Petitioner's Pre-sentence Investigation Report ("PSR"), Counts II and III were grouped together because they "involve[d] the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." PSR at ¶ 32. Petitioner now contends that his counsel was ineffective for failing to request that Count I be grouped with Counts II and III. Petitioner's argument is without merit.

According to U.S.S.G. § 3D1.2, Count I should not have been properly grouped with Counts II and III because it did not involve substantially the same harm as Counts II and III. Count I involved Petitioner's illegal reentry into the United States while Counts II and III involved Petitioner's participation in an organization that produced, falsified, and sold immigration documents for profit. Counts II and III involved the same victims and two or more acts or transactions connected by a common criminal objective—to make money selling falsified immigration documents—while Count I involved an entirely different criminal objective—to reenter this country illegally. Because Count I should not have been grouped with Counts II and III, Petitioner has not met his burden of demonstrating that his counsel's performance in failing to request grouping under U.S.S.G. § 3D1.2 was deficient in any way, or that he was prejudiced by his counsel's performance. This claim should be denied.

### 3. Failure to Object to Managerial Role Enhancement

Finally, Petitioner claims that counsel was ineffective for failing to challenge his managerial role enhancement under U.S.S.G. § 3B1.1, arguing that the evidence produced shows that Petitioner was working with only one other person and the enhancement required five or more people being involved. Petitioner misinterprets the relevant Guideline provision. According to U.S.S.G. § 3B1.1(b), a defendant's offense level should be increased by three

levels "[i]f a defendant was a manger or supervisor (but not an organizer or leader) and the criminal activity involved five or more **participants** or was otherwise extensive." U.S.S.G. § 3B1.1(b) (emphasis added).

ICE agents conducted a search of a computer located at Petitioner's residence and found a software program used to produce counterfeit identification cards, and over 1,000 images of individuals who purchased counterfeit identification cards from the organization that Petitioner was involved in. (Cr. Doc. No. 40 at 25; PSR at ¶ 17). Thus, the crimes that Petitioner was convicted of involved far more than the five participants required for a managerial role enhancement pursuant to U.S.S.G. § 3B1.1(b). Because the managerial role enhancement was properly applied to Petitioner, Petitioner has not met his burden of demonstrating that his counsel's failure to challenge the role enhancement was deficient in any way, or that he was prejudiced by his counsel's performance. Therefore this claim should be denied.

## III.   Conclusion

Accordingly, Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Civ. Doc. No. 1; Cr. Doc. No. 39) is DENIED. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of March, 2011.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner